**BEAR CREEK WATER AND SANITATION DISTRICT, a quasi-municipal corporation, Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, a body politic and corporate, Defendant–Appellee.**

No. 94CA0057.

Colorado Court of Appeals,
Div. IV.

March 9, 1995.

Rehearing Denied April 6, 1995.

Certiorari Denied Aug. 28, 1995.

Sims & Boster, Michael D. Boster, Denver, for plaintiff-appellant.

Frank J. Hutfless, Jefferson County Atty., William A. Tuthill, III, Asst. County Atty., Golden, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiff, Bear Creek Water and Sanitation District, appeals the trial court's dismissal of its claim for lack of standing. We affirm.

This matter involves efforts by plaintiff to have the County Assessor list certain property excluded from the District on the tax rolls and to initiate proceedings to collect back taxes to pay for plaintiff's bonded indebtedness. The Assessor ultimately listed the property and notified the Treasurer of the unpaid taxes due on the property.

In the interim, however, the Treasurer issued Certificates of Taxes Due on some of

the excluded property. These Certificates did not reference the obligation of the property to pay back taxes for the bonded indebtedness.

Because a Certificate of Taxes Due ordinarily acts as a bar to collection of taxes in excess of the amount stated in the Certificate, § 39–10–115(2), C.R.S. (1994 Repl.Vol. 16B), the Treasurer did not attempt to collect the back taxes from any excluded property for which the Certificates had been issued. Plaintiff, alleging an error in the Certificates, filed this action seeking damages for losses its taxpaying citizens suffered as a result of the error.

Defendant, the Board of County Commissioners of Jefferson County, filed a motion to dismiss, alleging, *inter alia,* that plaintiff did not have standing to sue. The trial court granted defendant's motion, concluding that plaintiff did not have standing because (1) it is not a "person" for purposes of § 39–10–115(3), C.R.S. (1994 Repl.Vol. 16B), and (2) it failed to allege an injury in fact to a legally protected interest as required by *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). This appeal followed.

Plaintiff contends that the trial court erred in concluding that it did not have standing to sue to recover damages resulting from the alleged error in the Certificates of Taxes Due because it was not a "person" for purposes of § 39–10–115(3). We disagree.

Section 39–10–115(3) provides:

> Any loss resulting to any *person* from an error in a tax certificate issued by the treasurer shall be paid by the county represented by the treasurer issuing such certificate. (emphasis added)

For purposes of §§ 39–1–101 through 39–13–108, C.R.S. (1994 Repl.Vol. 16B) concerning property tax, unless the context requires otherwise, a "person" includes:

> natural persons, corporations, partnerships, limited liability companies, associations, and other legal entities which are or may become taxpayers by reason of the ownership of taxable real or personal property.

Section 39–1–102(9), C.R.S. (1994 Repl.Vol. 16B).

Plaintiff is a quasi-municipal corporation and political subdivision of the state of Colo-rado, and as such, is exempt from taxation. Because it is not a taxpayer, plaintiff is not a person according to the definition provided in § 39–1–102(9), and therefore, it does not have standing to seek damages pursuant to § 39–10–115(3).

Plaintiff argues, however, that the context of § 39–10–115(3) requires the more general definition of "person" found in § 2–4–401(8), C.R.S. (1994 Cum.Supp.) to be applied. We are unconvinced.

The plain language of § 39–10–115(3) indicates that it was designed to limit the class of "persons" who could recover on the basis of errors in a Certificate of Taxes Due to those individuals who would actually suffer as a result of the error, namely, other taxpayers. Hence, the trial court did not err in concluding that plaintiff was not a "person" for purposes of § 39–10–102(9).

Because we conclude that plaintiff lacks standing under the statute, we need not address whether it would meet the criteria for standing established in *Wimberly v. Ettenberg, supra.*

Accordingly, the judgment of the trial court dismissing plaintiff's claims for lack of standing is affirmed.

NEY and RULAND, JJ., concur.